CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 08, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:21-cr-00019-003 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DERRICK A. THOMPSON ) | Chief United States District Judge |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Derrick A. Thompson's motion for bond and review of detention order. (Dkt. No. 216.) The court held a hearing on Thompson's motion on October 22, 2024. (Dkt. No. 221.) For the reasons stated below, and for the reasons stated on the record at the hearing, Thompson's motion is denied.

## I.  BACKGROUND

Thompson is serving a term of supervised release that was imposed by this court by judgment entered May 4, 2023. (Dkt. No. 146.) He was arrested in West Virginia on a petition for revocation of release issued by this court. He allegedly violated conditions of his release by testing positive for fentanyl, by failing to pay restitution, and by violating state law in that he was charged in West Virginia with sexual assault. He appeared before a magistrate judge in West Virginia and requested a detention hearing. The magistrate judge held a detention hearing on August 27, 2024. (Dkt. No. 196.) He waived a preliminary hearing, so the court found probable cause to believe that Thompson violated the conditions of his release and ordered Thompson "detained and remanded to the custody of the United States Marshals pending his transfer to the Western District of Virginia." (*Id.*)

At the hearing, the magistrate judge heard testimony from Detective Corporal Brian Fernandez, a certified police officer working for the Fayette County Sheriff's Department.

Fernandez investigated a sex offense complaint from the 911 center involving a 17-year-old minor that was alleged to have occurred on July 10, 2023. It was alleged that she was picked up by Thompson and his stepson and, after Thompson provided her with alcohol, she became intoxicated and had to stop in the woods to urinate. She further alleged that Thompson pushed her down and sexually assaulted her. The victim gave a detailed statement, and the stepson noted that she had bite marks on her breast. The victim went to the hospital following the assault, but DNA results were not yet available at the time of that hearing. It was further noted that providing alcohol to a 17-year-old would also violate West Virginia law. Thompson did not challenge his failure to pay restitution or testing positive for fentanyl. Defense counsel stated that Thompson's wife would serve as a third-party custodian (he did not call her as a witness) to ensure that he complied with his conditions and that West Virginia had released him on a $100,000 bond. Thompson's prior murder conviction from 1992 was also noted by the court. Noting the presumption and Thompson's burden, the magistrate judge found that the presumption was not rebutted and that the offer of a third-party custodian did not suffice to rebut it.

Following transport to this court, Thompson moved for release from custody or another bond hearing (Dkt. No. 210) at his initial appearance before Magistrate Judge Memmer of this court. Because Thompson had already had a detention hearing, Magistrate Judge Memmer considered the motion to be one pursuant to 18 U.S.C. § 3145(b) for reconsideration and found that she lacked jurisdiction to consider such a motion. (Dkt. No. 211.)

## II.  ANALYSIS

The court first addresses a procedural argument made by Thompson. Defendant first argues that the order of detention states that he is to be detained only pending transfer to this

court, so he should be released. While the court notes that the language of the order could be clearer, a detention hearing was held, and Thompson was detained. Pursuant to Rule 32.1(a)(6), "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." *See also* Fed. R. Crim. Proc. 46(d) (release pending hearing for a violation of supervised release is governed by Rule 32.1(a)(6)). Thompson was detained, pursuant to Rule 32.1(a)(6), pending further proceedings. There is no provision for multiple detention hearings following transfer.

Thus, as noted at the hearing, this court considers the motion to be one for review of the detention order pursuant to 18 U.S.C. § 3145(b).[1] The court reviews the detention order de novo, *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989), and considers the evidence presented at the detention hearing held on August 27, 2024. The court also considers additional evidence. The United States presented the DNA laboratory results showing that the DNA on the vaginal swabs was consistent with Thompson's DNA. Thompson presented a proffer that his wife was willing to serve as third-party custodian, that she had no felony convictions, and that there were no firearms in the home. Additionally, it was proffered that Thompson had paid restitution in full, that he has an appointment to start vivitrol to prevent further use of fentanyl, that Thompson will refrain from use of alcohol and submit to a sweat patch, that he is working on getting his job back at the mine, that he is to have no contact with the victim pursuant to his state bond requirements, and that it will be difficult for counsel to work with him on his state charge if he is incarcerated in the Western District of Virginia.

---

[1] Counsel confirmed at the hearing that Thompson was not seeking review pursuant to 18 U.S.C. § 3145(a)(2) as requested in the motion.

Pursuant to Rule 32.1(a)(6), the court is to look to 18 U.S.C. § 3143(a)(1) (release or detention pending sentencing) when considering detention or release on an alleged violation of supervised release. That section provides:

> Except as provided in paragraph (2) [not applicable here because there is no finding of guilt yet regarding the revocation allegations], the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C § 3143(a)(1).

Also, pursuant to Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant. On the record before this court, Thompson has not carried this burden.

Thompson was on supervised release when he allegedly provided alcohol to a minor girl (a state crime), followed her into woods when she was quite intoxicated, and sexually assaulted her (including vaginal penetration) (a state crime with which Thompson has been charged). A minor boy who was in a vehicle with them observed bite marks on the minor girl's breast. Moreover, the vaginal DNA swabs are consistent with Thompson's DNA. Thompson admits to using fentanyl and failing to pay restitution in violation of his supervised release conditions, although he has now paid restitution and had scheduled an appointment to receive an injection to help prevent further use of fentanyl. Thompson also has a prior conviction for murder.

Because of Thompson's violent history and the violent nature of sexual assault charges involving a minor, Thompson has not shown by clear and convincing evidence that he does not

4

pose a danger to others or to the community. Furthermore, the proposed conditions of release in no way allay the danger posed by Thompson's release. While he may have been drinking when the alleged sexual assault occurred, there is no evidence in the record that his use of alcohol caused or contributed to the offense. Accordingly, the court will deny Thompson's motion.

## III.  CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Thompson's motion (Dkt. No. 216) is DENIED, his detention is AFFIRMED, and Thompson is ORDERED DETAINED pending further proceedings in this matter.

The clerk is directed to provide notice of this order to counsel of record.

Entered: November 8, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge